**Decided June 22, 1989**

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN THE MATTER OF THE ESTATE OF)      CIVIL ACTION NO. 88-619
                              )
   CONSOLACION KAIPAT FAISAO, )
   aka CONCEPCION KAIPAT,     )      DECISION DISAPPROVING PETITION
                              )      FOR DECREE OF FINAL DISTRIBUTION
        Deceased.            )
_____)

An evidentiary hearing on the administratrix's petition for decree of final distribution came before the court on June 15, 1989. The administratrix was present with counsel, Mr. David A. Wiseman, and the objectors to the petition were present with their attorney, Mr. Joe Hill.

The Administratrix proposes that the estate of decedent, comprised of real property situated at Chalan Reda and at I Liyan (Lot No. 1925), Saipan, be distributed, conveyed, and confirmed to the heirs of decedent pursuant to the Mutual Deed of Conveyance entered into in 1985. The objectors claim that the Mutual Deed of Conveyance should not be used as the basis of the final distribution of the estate because it is void and unenforceable. Furthermore, Objector Teresita F. Borja claims that her signature on the Deed should be voided in that it

**885**

was obtained by fraud, misrepresentation, undue influence and coercion. Teresita also claims that no one read or explained the Deed to her and she never intended to relinquish her rights and interest in the property.

The Deed of Conveyance was executed in 1985 and the following were enumerated as heirs of Juan Pierer Faisao and Consolacion Kaipat Faisao:

1. Concepcion F. Tudela -- daughter

2. Mercedes F. Mendiola -- daughter

3. Teresita F. Borja -- daughter

4. Antonio K. Faisao -- son

5. Herman K. Faisao -- son

6. Juana K. Faisao, deceased -- daughter

7. Francisca F. Mettao, deceased -- daughter

8. Jacinto K. Faisao, deceased -- son

The Deed was signed by Concepcion F. Tudela, Mercedes F. Mendiola, Teresita F. Borja, Antonio K. Faisao, Herman K. Faisao, Francisca F. Mettao, Cornelia Suba and Supriano Faisao (children of Juana K. Faisao, deceased), and Hermana F. Faisao (wife of Jacinto K. Faisao, deceased).

The issue presented by the objectors is what, if any, interest in the properties at issue passed pursuant to the Deed of Conveyance executed in 1985. The procedure whereby Carolinians may consent to a conveyance such as the one contemplated by this deed is set forth in 8 CMC §2909. This

**886**

section reads as follows:

§2909.  Carolinian Custom-Procedures for Granting

Consent.

> Unless the family consents or agrees otherwise, the requirement in this law that all of the members of the family with title to or use rights in the land consent is met if the customary trustee and his surviving brothers and sisters consent; provided, that the children, if any, of a dead brother or sister of the customary trustee may exercise the consent rights of the decedent. The children shall determine by majority consent/vote among themselves if consent will be granted.  Unless otherwise agreed, the oldest child of the decedent shall give the consent in accordance with the determination made by the majority of the children.

Traditionally under Carolinian custom, Mercedes F. Tudela, as the oldest daughter of Consolacion F. Faisao, would be regarded as the land trustee for the property in issue.  Tarope v. Igisiair et al, CTC Civil Action No. 86-668 (1987).  Of the eight children of Consolacion, six signed the 1985 deed.  The two children who did not sign, Juana and Jacinto, were deceased at the time the deed was executed.

With regard to Juana; her two children signed the deed purporting to convey their interest in the property as Juana's representatives.  This is clearly appropriate pursuant to 8 CMC §2909 which states that the children of a dead sister (Juana) of the customary trustee (Mercedes) may exercise the consent rights of the decedent.  Thus, the signatures of Juana's children, Cornelia Suba and Supriano Faisao, were sufficient to convey any interest which Juana had in the property during her lifetime.

With regard to Jacinto's interest in the property, the answer is not so simple.  The issue here is whether the signature

**887**

of Jacinto's wife, Hermana, on the 1985 deed was adequate to convey all right, title and interest in the property on behalf of her six children. As to two of the six children, Francisco and Susana, Hermana was their legally appointed guardian at the time she attempted to execute the deed. See, In Re The Guardianship of the Estate of Francisco Faisao and Susana Faisao, CTC Civil Action No. 85-355. Therefore, Hermana could convey the interest of these two minor children. However, it is evident that the remaining four children, Juana, Juan, Marcelo and Dolores, did not consent to the conveyance of this property. Since the children must determine whether to consent by a majority vote as set forth in 8 CMC §2909, it is the unalterable conclusion of this Court that Hermana's act of signing the 1985 Deed of Conveyance did not lawfully bind the heirs of Jacinto. Therefore, this Deed must be set aside as void since all members of the family did not consent thereto. [1]/

In conclusion, the court urges the family to meet for the purpose of discussing and agreeing as to a proposed final distribution of the estate properties consistent with this opinion. Despite the significant differences of opinion that obviously exist among the family members as to how these properties should be divided, an amicable solution reached within

---

[1]/ Since the court has set aside the 1985 Deed of Conveyance, it is not necessary to determine whether Teresita F. Borja's signature on the deed was obtained by fraud, misrepresentation, undue influence or coercion. The deed is void as to all parties.

the family would likely be preferable to a division imposed upon the parties by this court.

For the foregoing reasons, the Petition for Decree of Final Distribution should be and is hereby DISAPPROVED. The Deed of Conveyance executed in 1985 which purported to partition Lot No. 1925 and which purported to convey Chalan Reda land to Supriano Faisao is void and unenforceable.

IT IS SO ORDERED.

ENTERED this __*22*__ day of June, 1989.

_____
Alexandro C. Castro, Associate Judge